J. Richard Fretz (Frank Charles Nicholas, Successor in Interest), Appellant *v.* Board of Supervisors of Bedminster Township, Appellee.

Argued June 7, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR. and DOYLE.

*Richard P. McBride,* with him *Edward F. Murphy,*
*McBride, Murphy & Sudfeld,* for appellant.

*Mary C. Eberle,* with her *Victor S. Jaczun, Jaczun,*
*Grabowski & Leonard,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 26, 1983:

J. Richard Fretz appeals a Bucks County Common Pleas Court order affirming the Bedminster Township Board of Supervisors' order denying his curative amendment application. We affirm.

Fretz, the then-legal owner of two contiguous parcels of land totaling 93.5 acres,[1] filed a curative amendment application with the township's board of supervisors,[2] alleging that the township's zoning ordinance tacitly precluded a legitimate form of residential use he wanted to make of his property—a mobile home park. The board rejected the application, concluding that the zoning ordinance did not preclude mobile home park development. The common pleas court affirmed, but on the basis that the township had an ordinance amendment pending which explicitly provided for mobile home park uses, and did not reach the question of whether the ordinance excluded the use.

Fretz now contends that the township's zoning ordinance unconstitutionally excludes mobile home parks because it makes no *specific* provision for them. We disagree. As the township points out, the ordinance

---

[1] Fretz has been succeeded in interest by Frank Charles Nicholas, who is a party to these proceedings.

[2] It was filed pursuant to Section 1004 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004.

contains a general provision for the establishment of planned residential developments and also specific provisions setting standards for mobile home park developments. Under such circumstances, the mere fact that a zoning ordinance does not contain specific provision for mobile home park developments cannot be a basis for finding an unconstitutional exclusion of them. *Colonial Park for Mobile Homes, Inc. v. New Britain Township,* 47 Pa. Commonwealth Ct. 459, 408 A.2d 1160 (1979).[3]

Affirmed.

### ORDER

The Bucks County Common Pleas Court order in No. 76-4001-13-5, dated January 27, 1981, is hereby affirmed.

---

[3] Due to our resolution of this matter, we find it unnecessary to discuss the parties' other arguments.